**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

**PHILLIP TOWNSEND,**
**and**
**RODERICK S. COBB,**
**On behalf of themselves and**
**those similarly situated,**

**Plaintiffs,**

**v.** **Case No.: 4:26cv68**

**GOLDKRESS INVESTMENTS, LLC,**

**Defendant.**

**<u>FIRST AMENDED COMPLAINT</u>**

COME NOW, the Plaintiffs, Phillip Townsend ("Townsend") and Roderick S. Cobb ("Cobb") (collectively "Plaintiffs"), on behalf of themselves and those similarly situated present and former employees of Goldkress Investments, LLC ("Defendant"), and file this First Amended Complaint in their opt-in class actions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Virginia Overtime Wage Act, Va. Code § 40.1-29(J) ("VOWA"), and state and allege as follows:

## I. Introduction

Townsend is and Cobb was a non-exempt, hourly maintenance employee at Defendant which owns and manages four apartment properties on the Peninsula. Plaintiffs are similarly situated to approximately a dozen other individuals who averaged at least ten hours of overtime per week. Defendant should have a record of the overtime hours Plaintiffs worked because Plaintiffs reported the hours to Defendant, but instead of paying the employees with money as

required, Defendant instead issued them compensatory time off. Plaintiff's pay stubs, however, do not reflect the overtime Plaintiffs reported or the accrual or use of this compensatory time.

The Complaint in this matter was served May 5, 2026. This First Amended Complaint is being filed within 21 days after service under F.R.C.P. 15(a)(1)(A).

## II. Jurisdiction and Venue

1. Jurisdiction to bring this federal opt-in class action on behalf of the named Plaintiff and all similarly situated present and former employees at Defendant under the FLSA is vested in this Court by 28 U.S.C. § 1331.

2. Va. Code § 40.1-29 authorizes Plaintiffs' opt-in class action under VOWA.

3. Defendant's primary place of business is located in Newport News, Virginia. Venue is proper in this district under 28 U.S.C. § 1391.

4. The apartment complexes where Plaintiffs work(ed) are owned and managed by Defendant, and are located in Hampton and Newport News which are also in this District and Division.

## III. Named Plaintiffs

5. Townsend is an individual who resides in Newport News, Virginia.

6. Townsend has worked for Defendant in maintenance for eight years, beginning in 2018, and he has earned $17.00 per hour since 2023.

7. Through the date of this lawsuit, Townsend still works for Defendant.

8. Townsend has always been the "go to" maintenance man because of his tenure, talent and reliability. That resulted in him being assigned more than his share of after hours work by Defendant.

9. Cobb is an individual who resides in Virginia Beach, Virginia.

10. Cobb worked for Defendant in maintenance, specializing in HVAC repairs and installations, from August 17, 2023 to April 30, 2025 and earned $25.00 per hour.

11. Plaintiffs work(ed) full-time for Defendant, and they were not only paid hourly but also classified as non-exempt.

12. Plaintiffs are similarly situated to about a dozen present and former employees who worked for Defendant during the applicable time period (April 2023 through April 2026).

13. All of the workers either provided general maintenance (Townsend) or specialized in HVAC (Cobb).

## IV. Defendant

14. Defendant is a Limited Liability Company doing business on the Peninsula in Virginia. It owns and operates four apartment complexes. Plaintiffs worked at all four.

15. Defendant's main office is located at 11116 Jefferson Avenue, Newport News, Virginia 23607.

16. Defendant employs eight maintenance men simultaneously, including six general maintenance men and two HVAC technicians to service its four properties.

17. Defendant accepts time records from Plaintiffs at each of the four properties, and it issues payroll to Plaintiffs from its central office.

18. Defendant had no time clock, so Plaintiffs reported their hours verbally each day they worked.

19. Defendant owns and manages at least four apartment communities, two in Hampton called Colonial Pembroke Apartments (est. 1962) and Old Point Apartments (est.

1969), and two in Newport News called Regency Square (est. 1970) and Sherwood Arms Townhomes (est. 1967).

20. One reason Plaintiffs were so busy is that the four apartment complexes are old, requiring constant repair and maintenance.

21. At all material times Defendant was the "employer" of Plaintiffs within the meaning of 29 U.S.C. § 203(d) and VOWA.

22. Defendant is an enterprise which grosses more than $500,000.00 in receipts annually. 29 U.S.C. § 203(b) and (s)(1)(A)(ii).

23. Plaintiffs daily repaired and installed appliances (like stoves and refrigerators) and HVAC equipment that was shipped to Defendant from out of state. There is both enterprise and individual FLSA coverage.

24. Defendant also purchases supplies and mechanical equipment and advertises out of state and is otherwise engaged in interstate commerce and has employees handling or otherwise working on goods or materials that were produced through interstate commerce. 29 U.S.C. § 203(s)(1)(A)(ii).

25. Defendant's administrative sales force and property managers also regularly engage in interstate communication by telephone and mail, by paying out of state suppliers, and by handling records of interstate transactions.

26. The policies, practices and events complained of herein occurred as a result of management and operational practices common to and directed by Defendant.

## V. Factual Allegations Regarding Opt-In Class Overtime Claim

27. Plaintiffs restate the above allegations as if set forth at length herein.

28. Townsend submitted his time daily to the property manager at the Defendant's main office.

29. Each week during his employment, Plaintiffs worked on average a minimum of 40 hours per week, plus at least ten additional hours. Except for the occasional week where they were off work for a holiday or otherwise.

30. Townsend's schedule was 9:00am to 5:00pm, but he regularly arrived at 8:00am and at 7:30am if he anticipated a busy day. The local property management office knew this.

31. Townsend would leave at 4:30pm if he completed his work, however, once Defendant hired an additional maintenance man in the summer of 2025.

32. Townsend was on-call virtually 24/7, and he handled on-call assignments more than any other employee.

33. Defendant paid Townsend for 40 hours per week at his regular rate, but in lieu of overtime pay, Defendant said it was giving Townsend compensatory time.

34. Defendant told Plaintiffs it was keeping a record of their total hours and resulting compensatory time, but their pay stubs did not include their overtime hours.

35. Defendant supposedly banked the overtime hours, later occasionally compensating Plaintiffs with days off, paid at straight time, or not compensating them at all.

36. Not only was it illegal under the FLSA and VOWA to award Townsend compensatory time in lieu of overtime pay, but Defendant also awarded the compensatory time at the rate of straight time as opposed to time and a half, and it made sure Townsend was too busy to be able to use the extra time off.

37. Defendant should have a record of the overtime hours and resulting pay at issue in this case, assuming it complied with the FLSA directive to maintain payroll records for at least three years. 29 U.S.C. § 211(c). Although it at best misclassified the extra overtime hours as compensatory time. At worst, it never recorded them in the first place.

38. Cobb was a maintenance man who specialized in HVAC, and he had the same experience as Townsend.

39. That is, Cobb put in his time and was supposedly awarded compensatory time in lieu of overtime pay, but he was seldom able to use the compensatory time which was not the time and a half pay to which he would have been entitled (if the method of pay was legal).

40. And once again, his pay stubs do not document his overtime hours.

41. Section 7(o) of the FLSA permits state and local government employers to provide compensatory time off in lieu of overtime pay. 29 U.S.C. § 553.20. But that alternative is not available to private sector employers like Defendant.

42. In addition to his minimum of approximately ten hours of weekly uncompensated overtime, Defendant also required Cobb to renovate the apartment it rented to him.

43. At Defendant's insistence, Cobb removed the trash and furniture and cleaned the premises, replaced the stove and refrigerator with new appliances, fixed holes in the walls and painted the unit, and installed a new floor in the bathroom and kitchen.

44. Defendant paid Cobb nothing for this work, may or may not have given him compensatory time.

45. Defendant also charged Cobb full rent until it evicted him when he quit.

46. The 60 hours were in addition to 40 hours per week, so Defendant owes Cobb time and a half pay for his overtime.

47. Plaintiffs' scheduled shifts were 9:00am to 5:00pm daily, but they never received a 30 minute uninterrupted lunch break, resulting in 2.5 hours of unpaid overtime each week.

48. Plaintiffs regularly worked before and after their shift, resulting in at least 2.5 hours of unpaid overtime each week.

49. Plaintiffs responded when on-call after hours resulting in at least 5 hours of unpaid overtime each week.

50. Plaintiffs periodically worked at least 2.5 hours on Saturday in 2024 and 2025, resulting in at least 2.5 hours of unpaid overtime certain weeks when there was a vacancy at their regularly assigned property.

51. Because there were no vacancies of Townsend's property so far in 2026, he does not recall working a Saturday in 2026.

52. Defendant never paid Plaintiffs or others similarly situated for their overtime work, which in all cases included approximately ten hours in addition to their regular 40 hours a week.

53. Because Cobb lived at one of Defendant's properties, he was virtually on-call 24/7 as a result of other residents identifying him as a maintenance man who could help them. Cobb responded when given assignments by Defendant when he was on-call, including general maintenance jobs in addition to HVAC.

54. Cobb got no discount or other consideration renting from Defendant.

55. Plaintiffs challenge the same uniform employer practice of failing to pay time and a half for overtime hours and, at most, illegally issuing straight time compensatory time in lieu of overtime pay.

56. Defendant had an obligation under both the FLSA and VOWA to make proper inquiry into its FLSA and VOWA compliance obligations.

57. Defendant should have reviewed materials, such as professional periodicals, government memoranda, Department of Labor, Wage and Hour Division guides, and participated in continuing education that informed it about its overtime pay responsibilities.

58. Defendant should have been able to check online and find the applicable regulations mandating generally that hourly employees must be paid time and a half for overtime hours, and that issuing them compensatory straight instead was illegal.

59. Defendant knew about the overtime because it constantly complemented Plaintiffs for their long hours and good results.

60. The foregoing amounts due to Plaintiffs should be doubled by the Court because the Defendant lacked a reasonable and good faith belief that its pay practices complied with the FLSA.

61. The amount found to be due is doubled automatically under VOWA. Va. Code § 40.1-29.9.

62. Plaintiffs' factual allegations above and below demonstrate that the Defendant committed knowing and willful violations of the FLSA.

63. This Court should accordingly accept claims reaching back within three years of the filing of this Complaint and Plaintiffs' opt-in documents.

64. The Court should also triple the amount found to be due under Va. Code § 40.1-29.6.

65. Prior to discovery, Plaintiffs allege the following in support of a finding of willfulness:

a. There is a very basic legal concept involved. The law has always been the same, and it is crystal clear;

b. Hourly, non-exempt employees are entitled to time and a half compensation for their overtime hours;

c. Only public employers can pay overtime with compensatory time off;

d. By failing to pay overtime, the Defendant gained a competitive advantage in the rental market over employers who paid properly;

e. Defendant's actions were voluntary, deliberate and intentional;

f. Defendant had no time clock or other reliable way to record hours worked by Plaintiffs;

g. Defendant failed to make and keep records of the hours worked by Plaintiffs and the wages paid for Plaintiffs for at least three years, 29 U.S.C. § 211(c);

h. Paystubs for Townsend periodically in 2024-2026 list "regular pay" and "comp" separately at the same rate, but grossly under report comp time;

i. Since Defendant received notice of this Complaint, it has required its maintenance men to take a lunch break and work only 9:00am to 5:00pm.

66. Only after discovery will Plaintiffs know:

a. whether any employees complained about the pay practice previously;

b. whether Defendant has had any prior experience with the Department of Labor (DOL) concerning unpaid overtime wages;

c. whether there have been prior demand letters received or lawsuits filed for unpaid overtime wages against Defendant;

d. whether Defendant issued any assurances that it would start paying properly;

e. whether Defendant asked for legal advice, and if it did, what it told its attorney, what the advice was, and whether it followed that legal advice;

f. whether Defendant contacted the DOL to determine whether its compensation policy was legal, or sought an opinion letter;

g. whether Defendant destroyed or withheld any pertinent pay records, that is, concealed evidence, particularly from the DOL;

h. whether there is a smoking gun email that shows Defendant knew it was committing FLSA violations;

i. whether Defendant has any explanation for its failure to pay overtime compensation; and

j. whether Defendant acted in a manner suggesting awareness its actions violated or could violate the FLSA

67. The original signed consent of Townsend is attached as **Exhibit A**.

68. The original signed consent of Cobb is attached as **Exhibit B**.

**COUNT I – FLSA Claim for Unpaid Overtime**

69. Plaintiffs restate the above allegations as if set forth at length herein.

70. Plaintiffs work(ed) at least ten hours of overtime each week, and Defendant accepted those hours and failed to pay time and a half for the hours. At best, it issued Plaintiffs compensatory straight time off.

71. Defendant is liable for the unpaid overtime, and the Court should double the amount due Plaintiffs.

72. The Court should apply a three year statute of limitations because of the willful, egregious and obvious breach of the applicable law.

**COUNT II – State Law Claim for Defendant's Violations of VOWA**

73. Plaintiffs restate the above allegations as if set forth at length herein.

74. Under VOWA all overtime wage violations are subject to double damages, plus pre-judgment interest of 8% per year.

75. There is no "good faith" defense to double damages under VOWA (like the defense available under the FLSA).

76. Plaintiffs seek unpaid overtime compensation, doubled, in the alternative but not in addition to their FLSA claim.

77. Plaintiffs seek an additional amount of overtime compensation, that is, triple time, based on Defendant's knowing violation of VOWA, on top of and in addition to their FLSA claim.

78. Defendant acted knowingly because it had actual knowledge of relevant information, acted in deliberate ignorance of the truth or falsity of the information, or acted in reckless disregard of the truth or falsity of the information.

79. Proof of specific intent to defraud is not required.

WHEREFORE, Plaintiffs, along with similarly situated employees who opt into this lawsuit, move the Court for judgment against the Defendant for all unpaid overtime compensation found by the Court to be due under the FLSA; for the period of three years prior to the filing of this Complaint because Defendant acted willfully, through the filing of this Complaint and thereafter, if applicable, to additional individuals who opt into this action; for an award of double, liquidated damages in the amount of overtime compensation due, on the grounds that Defendant had no good faith, reasonable belief its actions complied with the FLSA under 29 U.S.C. § 216(b); for double damages and triple damages under VOWA; for additional wages and liquidated damages, if any, which are earned and revealed during the discovery process in this lawsuit; for an injunction prohibiting Defendant from continuing to violate the FLSA and VOWA as alleged; for issuance of a Court approved Notice about the pendency and nature of this suit to current and former employees of Defendant who worked for Defendant as maintenance men during the three year period immediately preceding the filing of this Complaint; for interest from the date of the failure to pay each installment of the compensation; for the costs of this action; and for reasonable attorney's fees under the FLSA and VOWA.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

**PHILLIP TOWNSEND,**
**and**
**RODERICK S. COBB,**
**On behalf of themselves and**
**those similarly situated,**

By: /s/ Christopher Colt North
Of Counsel

Christopher Colt North
VSB#16955
The Consumer & Employee Rights Law Firm, P.C.
5629 George Washington Memorial Hwy, Suite D
Yorktown, VA 23692
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of May, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Christopher Colt North*